SUMMARY ORDER

Petitioner Zhang Cheng, a native and citizen of the People’s Republic of China, seeks review of a December 19, 2008 order of the BIA denying his motion to reopen. In re Zhang Cheng, No. A073 133 454 (B.I.A. Dec. 19, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). *646 The BIA’s regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Cheng’s August 2008 motion was untimely where the agency issued its final order of deportation nearly thirteen years before. However, there is no time limit for filing a motion to reopen “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA properly found that Cheng’s motion did not qualify for such an exception.
Cheng argues that the BIA abused its discretion by failing to consider evidence he submitted that allegedly showed changed country conditions in China regarding that country’s treatment of Catholics. This argument is unavailing. Nothing in the record compels the conclusion that the BIA failed to consider the evidence Cheng submitted. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (presuming the agency has taken into account all of the evidence unless the record “compelling suggests otherwise”). To the contrary, the BIA listed Cheng’s evidence in its decision.
More significantly, regardless of the materiality of that evidence, the BIA reasonably determined that, because Cheng’s motion was predicated on his conversion to Catholicism subsequent to his arrival in the United States, he had alleged only a change in his personal circumstances. It is well-settled that such a change does not suffice to establish an exception to the timeliness requirement under 8 C.F.R. § 1003.2(c)(3)(ii). See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005) (finding that a change in personal circumstances does not establish an exception to the filing deadline for motions to reopen); cf. Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006) (“[I]t would be ironic, indeed, if petitioners ... who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.”).
Accordingly, because Cheng is under a final order of removal and did not file a timely motion to reopen or demonstrate materially changed country conditions excusing the untimeliness of his motion, the BIA did not abuse its discretion in denying his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3) (ii).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).